**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE and VALERIE STEPHEN, ) | |
| ) | |
| Plaintiff,                    ) | |
| ) | |
| v.                     ) | No. 4:25-cv-00507-SRW |
| ) | |
| UNITED STATES OF AMERICA,          ) | |
| ) | |
| Defendant.                 ) | |

## MEMORANDUM AND ORDER

Plaintiff Cedric Greene filed this civil action against the United States of America regarding a housing authority caseworker in California who did not return his 2019 emails about a housing subsidy.  The matter is now before the Court on the motion of self-represented Plaintiff for leave to commence this civil action without prepayment of the required filing fee.  ECF No. 2. Based on the financial information provided with the motion, the Court will grant the motion and waive the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  Additionally, for the reasons discussed below, this case will be dismissed without prejudice.

### Background

Plaintiff Cedric Greene is a well-known, frequent filer at federal courts across the country. In January 2024, the United States Court of Federal Claims estimated that Plaintiff had filed more than three hundred cases.  *Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).  Records indicate that Plaintiff has filed twenty-five (25) cases in this Court since March 5, 2025.  At least eighteen (18) of these cases have already been dismissed for lack of subject matter jurisdiction or improper venue.

1

In 2016, the United States Supreme Court found that Plaintiff Greene had "repeatedly abused" its process and directed its clerk to refuse to accept future *in forma pauperis* petitions from him in noncriminal matters.  *See In re Greene*, 578 U.S. 974 (2016).  Several other federal courts have also imposed filing restrictions on Greene.  *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada).  Recently, in February 2025, the Seventh Circuit Court of Appeals sanctioned Greene $500 "for engaging in further frivolous litigation," and ordered that any papers submitted by Greene, before paying the sanction, be returned to him unfiled.  *Greene v. St. Nicholas Med. Grp.*, No. 24-3268, ECF No. 14 (7th Cir. issued Feb. 21, 2025).

### The Complaint

Plaintiff resides in California.  ECF No. 1 at 1.  He brings this civil action based on communications he had with a housing authority caseworker in 2019.  *Id.* at 2.  Plaintiff states that he reached out to an unnamed caseworker about a housing subsidy in June 2019.  He alleges that he did not receive a prompt, written response.  *Id.* at 2-3.  Plaintiff explains that because the "Government Officials that were involved in previous years have passed," he brings this action against the United States.  *Id.* at 2.  For relief, Plaintiff seeks reinstatement of his Section 8 housing[1] benefits and money damages.  Finally, Plaintiff admits that he attempted to file this case in the Seventh Circuit first, but that he was denied filing due to his unpaid sanction.  *Id.* at 1-2.

---

[1] Although the Section 8 housing choice voucher program is provided by the Department of Housing and Urban Development, the vouchers are managed by local public housing agencies.  *See Section 8 Housing*, https://www.usa.gov/housing-voucher-section-8 (last visited May 14, 2025).

**Discussion**

Initially, the Court recognizes that the housing caseworker that Plaintiff complains about appears to have been a local, California employee and not a federal employee of the United States. As such, the United States of America does not appear to be the proper defendant in this matter. Nonetheless, given that Plaintiff did name the United States as the defendant, this case is subject to dismissal because the United States is protected by sovereign immunity. It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

In addition, the Court finds that this case is subject to dismissal for improper venue. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff is a California resident who alleges that he was wronged in California, by a California-state employee, and he seeks reinstatement of a benefit in California. This is not the proper venue for such an action. Plaintiff does not claim that any of the parties reside in the Eastern District of Missouri, or that any

3

part of the events or omissions giving rise to his claims occurred here.  None of the requirements of 28 U.S.C. § 1391(b) are present in this case.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.  In this case, the Court finds that the interests of justice do not demand transfer.  Plaintiff Cedric Greene is a vexatious filer, having filed hundreds of cases in courts across the country in complete disregard of court orders and sanctions.  Plaintiff even admits that he is filing this case in this judicial district to avoid the consequences of filing restrictions imposed elsewhere.  The Court cautions Greene to stop abusing the judicial process in this judicial district, as doing so may result in the imposition of filing restrictions.  As such, this action will be dismissed.  Finally, the Court finds there would be no non-frivolous basis to argue that this case should not be dismissed, so the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 15th day of May, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4