**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE and VALERIE STEPHEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  No. 4:25-cv-00507-SRW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented Plaintiffs' motion for reconsideration of the dismissal of this matter under Federal Rule of Civil Procedure 59(e). ECF No. 5. On May 15, 2025, the Court dismissed this case because defendant United States of America is protected by sovereign immunity and because of improper venue. ECF Nos. 3-4. Plaintiffs now seek reconsideration of that dismissal.

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Plaintiffs argue that this case can proceed in this venue because:

> Under *28 U.S. Code Section 1391(c)(1)*, the case could lawfully proceed here if a person is deemed to reside in the judicial district. Those are the proposed plans of [Plaintiffs] Greene and Valerie. That's why they can legally make a plea to proceed with the case in this venue. Making a request to proceed here under the mentioned code gives us the legal authority to speak about the wronged that occurred in another state. That's why reconsideration should be approved at this level.

ECF No. 5 at 2-3 (emphasis in original).

Plaintiffs reside in the state of California. ECF No. 1 at 1. They filed this civil action regarding a housing authority caseworker in California who did not return 2019 emails about a housing subsidy. Under the venue residency provision Plaintiffs cited, "a natural person … shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). They appear to be suggesting that they will move to the Eastern District of Missouri so that venue will be proper.

The Court is unpersuaded by Plaintiff's motion. Plaintiffs reside in California and admit that the alleged conduct for which they brought suit "occurred in another state." ECF No. 5 at 3. None of the venue requirements of 28 U.S.C. § 1391(b) are present in this case. Plaintiffs' motion for reconsideration presents no evidence of a manifest error of law or fact, or any newly discovered evidence. Therefore, the Court will decline to alter or amend the judgment of this Court. Plaintiffs' motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration [ECF No. 5] is **DENIED**.

Dated this 28th day of May, 2025.

                                              STEPHEN N. LIMBAUGH, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE